# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| WABTEC CORPORATION,<br><br>   *Plaintiff,*<br><br> and<br><br>STRATO, INC.,<br><br>   *Plaintiff- Intervenor*<br><br> v.<br><br>UNITED STATES,<br><br>   *Defendant,*<br><br> and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>   *Defendant-Intervenor.* | Court No. 1:23-cv-00160 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

  Plaintiff Wabtec Corporation respectfully writes to inform the Court of the following supplemental authority: *Worldwide Door Components, Inc. v. United States*, No. 19-00012, Slip Op. 25-80 (Stanceu, J.), which is attached as Exhibit A.

  In *Worldwide Door Components*, the issue was whether the scope of an antidumping and countervailing duty order on "aluminum extrusions" included the

1

aluminum extrusion component of a complete, assembled door threshold. Slip Op. at 5. Commerce interpreted the order to cover the aluminum extrusion component, even though "'at the time of importation'" the door thresholds "were not themselves aluminum extrusions but instead were assemblies, each containing an aluminum extrusion." *Id.* at 8 (citation omitted).

While Commerce's decision was sustained as a matter of scope interpretation, this Court expressed concerns that Commerce's approach may violate the Tariff Act by allowing for "the assessment of antidumping and countervailing duties on products that are not sold or offered for sale in the United States but instead are upstream components in the merchandise that actually is imported and sold." *Id.* at 24. Just as Wabtec has argued that Commerce cannot define the scope to include couplers (the upstream component) that are incorporated into railcars (the merchandise that is actually imported and sold in the United States), so this Court called into question Commerce's statutory authority to impose duties on upstream products that are incorporated into downstream products that are in turn imported into the United States. The Court was "unaware of Tariff Act provisions that expressly authorize Commerce to structure or apply an antidumping or countervailing duty order in this way." *Id.*

To be sure, the importer "did not claim that the interpretation of [the order] contravened the plain meaning and purpose of basic Tariff Act provisions governing

the assessment of antidumping and countervailing duties," so the Court did not formally resolve the question. *Id.* at 24–25. Still, the Court's description of the conflict between Commerce's approach and the Tariff Act is highly relevant to the matter here.

Respectfully submitted,

*/s/David M. Morrell*

David M. Morrell
Shelbie M. Rose
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
1.202.879.3636
dmorrell@jonesday.com

*Counsel for Wabtec Corporation*

Dated: June 27, 2025

3