IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| WABTEC CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　and<br><br>STRATO, INC.,<br><br>　　　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES,<br><br>　　　　　　　Defendant,<br><br>　and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>　　　　　　　Defendant-Intervenor. | Court No. 23-00160 |

**DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, the United States, respectfully responds to the notice of supplemental authority filed by plaintiff, Wabtec Corporation, Notice, ECF No. 58, regarding *Worldwide Door Components, Inc. v. United States* (*Worldwide*), in which the Court implemented the Court of Appeals for the Federal Circuit's mandate in a scope case that reversed-in-part and vacated-in-part this Court's prior rulings. Ct. Int'l Trade 19-00012, 2025 WL 1753619, at *1 (citing 119 F.4th 959, 972 (Fed. Cir. 2024)).[1] The Court offered *dictum* on potential arguments in "future

---

[1] Although this Court's rules do not address submission of supplemental authority, Federal Rule of Appellate Procedure 28(j) allows a "prompt{}" response to a notice of supplemental authority.

cases" regarding the "subassemblies provision" of the scope in that case. Specifically, the Court questioned whether the Tariff Act of 1930, as amended, permits the imposition of duties on an upstream product that is incorporated into a downstream product imported into the United States. *Id.* at *7-*9.

The Court's *dictum* in *Worldwide* is not relevant or persuasive in this case. First, whether Commerce can impose duties on upstream products incorporated into downstream products imported into the United States was not raised by the parties in *Worldwide* or decided by the Federal Circuit. Instead, the court raised the question *sua sponte* after the Federal Circuit affirmed Commerce's determination that a part of a subassembly containing subject and non-subject components upon importation falls within the orders' scope. *See* 119 F.4th at 963, 972. Moreover, the Court's *dictum* is unsupported by Federal Circuit precedent addressing Commerce's discretion in fashioning the scope of an order. *See Canadian Solar, Inc. v. United States*, 918 F.3d 909, 913-914, 922 (Fed. Cir. 2019) (sustaining Commerce's scope determination covering modules, laminates, and/or panels consisting of solar cells "whether or not partially or fully assembled into other products, including building integrated materials"); *see also* Def. Supp. Br. at 12-13, ECF 54 (discussing *Canadian Solar*).

Accordingly, Commerce's final determination in this case to include couplers within the scope of the order is lawful and supported by substantial evidence in the record of the investigation. *See* Def. Br. at 27-41, ECF 36.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL: | /s/ Emma E. Bond<br>EMMA E. BOND |
| BENJAMIN W. JUVELIER<br>Attorney<br>Office of the Chief Counsel<br>　for Trade Enforcement & Compliance<br>U.S. Department of Commerce | Senior Trial Counsel<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>P.O. Box 480<br>Washington, DC 20044<br>(202) 305-2034<br>Email: emma.e.bond@usdoj.gov |
| July 10, 2025 | Attorneys for Defendant |