IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WABTEC CORPORATION,**<br><br>    Plaintiff,<br><br>    and,<br><br>**STRATO, INC.,**<br><br>    Plaintiff-Intervenor<br><br>    v.<br><br>**UNITED STATES,**<br><br>    Defendant,<br><br>    and,<br><br>**COALITION OF FREIGHT COUPLER PRODUCERS,**<br><br>    Defendant-Intervenor. | Before:  Hon. Gary S. Katzmann, Judge<br><br>Court No. 23-00160 |

## DEFENDANT-INTERVENOR'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant-Intervenor, the Coalition of Freight Coupler Producers, respectfully responds to the notice of supplemental authority filed by Plaintiff, Wabtec Corporation, ECF No. 58, regarding *Worldwide Door Components, Inc. v. United States*, Ct. Int'l Trade 19-00012, 2025 WL 1753619 (citing 119 F.4th 959, 972 (Fed. Cir. 2024)). Defendant-Intervenor submits this response promptly following plaintiff's submission.  Fed. R. App. P. 28(j).

Defendant-Intervenor respectfully submits that the Court's decision in *Worldwide* has no bearing on the Court's consideration of the instant case. In addition to the reasoning set forth in Defendant, the United States, response to Plaintiff's notice of supplemental authority, ECF No. 59, the scope of the antidumping and countervailing duty orders on aluminum extrusions at issue in *Worldwide* is distinct from the scope of the antidumping and countervailing duty orders on

freight rail couplers that are at issue here. Plaintiff submits that *Worldwide* is relevant because the scope of the aluminum extrusions orders covers door thresholds that were assemblies that each contained aluminum extrusions at the time of importation, and because the Court "expressed concerns that Commerce's approach may violate the Tariff Act." *See* Pls' Not. Of Supp. Authority at 1-2. This "concern," as the defendant noted, is dictum. Def. Resp. to Not. Of Supp. Authority at 2. However, Plaintiff's reliance on *Worldwide* further underscores that the defined scope language of an order is unique to that order and cannot be applied to other cases. In *Worldwide*, Commerce found, and the Court affirmed, that door thresholds were assemblies that contained aluminum extrusions. However, in the freight rail couplers investigations, Commerce found that freight rail couplers were a distinct product when imported mounted to a railcar, rather than being an assembly of a finished product. Appx6555; *Certain Freight Rail Couplers and Parts Thereof from the People's Republic of China: Antidumping Duty Order*, 88 Fed. Reg. 45,138, 45,139 (July 14, 2023).

Accordingly, Commerce's final determination to include mounted freight rail couplers within the scope of the order is supported by substantial evidence and in accordance with law.

                                           <u>/s/ Daniel B. Pickard</u>
                                           Daniel B. Pickard, Esq.
                                           Claire M. Webster, Esq.

                                           Buchanan Ingersoll & Rooney PC
                                           1700 K Street, NW, Suite 300
                                           Washington, DC 20006
                                           (202) 452-7000

                                           *Counsel to Coalition of Freight*
                                           *Coupler Producers*

Dated: July 14, 2025